IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICHARD CHAKLOS and ANDREW WIST, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 06-4063-JPG |
| KATHLEEN STEVENS, MICHAEL SHEPPO, DONNA METZGER, RICHARD KARPAWICZ, CRAIG ALLEN, SUSAN VONDRAK and MICHAEL YOKLEY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

THIS MATTER comes before the Court on defendants Kathleen Stevens, Michael Sheppo, Donna Metzger, Richard Karpawicz, Craig Allen, Susan Vondrak, and Michael Yokley's Motion To Dismiss for Improper Venue and alternative Motion to Transfer Venue (Doc. 6). The defendants have prepared a memorandum in support of these motions, and the plaintiffs have responded (Doc. 7 and 8).

## I.    BACKGROUND

The plaintiffs, Richard Chaklos and Andrew Wist, are corporate officers of Midwest Forensic Services, Inc. (Midwest), and employees of the Illinois State Police (ISP). They claim that they wrote a letter in their personal capacity to defendant Michael Yokley complaining that the defendants, "high-ranking officers" in the ISP, illegally awarded a state contract to Midwest's competitor National Forensic Science Technology Center (National), and that defendants did this because defendant Sheppo was the chairman of the board of directors for National. (Doc 1, at 4). In retaliation for sending this letter, the plaintiffs claim that the defendants caused an unwarranted

1

investigation to occur, suspended the plaintiffs for thirty days without pay, subjected them to unwarranted harassment, and "refused to consider allowing [the plaintiffs and their affiliates] to bid on the contract." (Doc. 1, at 5). The plaintiffs contend that these actions violated their First and Fourteenth Amendment rights. (Doc. 1, at 5).

The defendants have challenged venue and argue that relevant decisions were made, that relevant documents are located, and that many relevant witnesses work in the Central District of Illinois. (Doc. 7, at 3).

The plaintiffs counter that all incidents underlying their compliant occurred in the Southern District (Doc. 8, at 3). Specifically, plaintiffs assert that they were advised of their suspension in a face-to-face conversation in the Southern District, that they served their suspensions in the Southern District, and that they conducted multiple meetings to discuss the underlying incidents in the Southern District. (Doc. 8, at 3). Plaintiffs further state that "none of the interactions between [the plaintiffs] and any defendant[(s)] occurred anywhere other than the Southern District of Illinois." (Doc. 8, at 3).

## II.   MOTION TO DISMISS FOR IMPROPER VENUE

When a defendant challenges venue "the plaintiff bears the burden of establishing that . . . venue is proper." *Emjayco v. Morgan Stanley & Co.*, 901 F.Supp. 1397, 1400 (C.D. Ill. 1995). Venue is proper in  "a judicial district in which a substantial part of the events or omissions giving

rise to the claim occurred."[1]   28 U.S.C. § 1391(b)(2). To establish venue, a plaintiff need only "demonstrate that a 'substantial part' of the events or omissions . . . occurred within the forum district, not that a majority of the events took place there." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F.Supp.2d 829, 834 (N.D. Ill. 2004). To be substantial, "the events that occurred in the forum district must be a part of the historical predicate of the claim." *Schwarz*, 317 F.Supp.2d at 834 (citation omitted).

In the instant case, venue in the Southern District is proper.  The plaintiffs assert that many of the events giving rise to their claims occurred in the Southern District. From these assertions, and because the Court must take all uncontradicted statements as true and make all reasonable inferences in favor of the plaintiff,[2] the Court finds that these events are a historical predicate to the claim, and thus they are a substantial part of the events giving rise to the claim. Therefore, the Court finds that venue in the Southern District of Illinois is proper; for this reason, the defendants' Motion to

---

[1] 28 U.S.C. § 1391(b) provides for the venue of the district courts in cases not based solely on diversity jurisdiction. The statute states that:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.
> 28 U.S.C. § 1391.

[2] *Nat'l Hydro Sys. v. Summit Constructors, Inc.*, 731 F.Supp. 264, 264 (N.D. Ill. 1989) (citing *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir.1984); *J. Walker & Sons v. DeMert & Dougherty, Inc.*, 821 F.2d 399, 402 (7th Cir.1987)) ("In ruling on a motion to dismiss under Rules 12(b)(2)-(3) [(lack of personal jurisdiction and improper venue)], the court must resolve the factual conflicts in the parties' submissions in favor of the plaintiff, and draw any reasonable inferences from those facts in the plaintiff's favor").

3

Dismiss is **DENIED.**

### III.     MOTION TO TRANSFER VENUE

A district court may transfer a civil action "to any other district or division where it might have been brought," when such a transfer is "[f]or the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404. When considering a transfer, the district court should only consider these three factors, and only after satisfying itself that both venues are indeed proper. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 n.3 (7th Cir. 1986); *Chicago, R. I. & P. R. Co. v. Igoe*, 212 F.2d 378, 379 n.1 (7th Cir. 1954) ("Also [28 U.S.C. § 1404] presupposes two jurisdictions in which venue may be laid") (citation omitted).

Unless the parties waive the "convenience of the parties" factor, the Court must consider both the convenience of the parties and the convenience of the witnesses using a four-factor balancing test. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989) ("This is because only one of § 1404(a)'s factors--convenience of the parties--is within the parties' power to waive."); *Hyman v. Hill & Associates*, No. 05 C 6586, 2006 WL 328260, at *2 (N.D.Ill. Feb. 9, 2006). When applying the balancing test "[t]he court considers: (1) [plaintiffs'] choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums." *Hyman*, 2006 WL 328260, at *2 (citation omitted).

When considering the interests of justice factor, the analysis should "relate to the efficient administration of the court system." *Coffey*, 796 F.2d at  221. Thus, the court may consider factors such as the interest of justice served by a transfer to a district where the litigants are more likely to receive a speedy trial, whether related litigation could be transferred to a forum where consolidation

4

is feasible, whether jurors in a particular district have a financial interest in a case, and in which district a jury could best apply community standards. *Id.*

*a. Two Proper Forums*

Before proceeding further, the Court must first determine if there are two jurisdictions where venue may lie. The Court has already determined that the Southern District is an appropriate forum. As to the Central District, the defendants assert that venue therein is proper, and the plaintiffs have conceded that transfer, instead of dismissal, would have been appropriate if the Court had determined that venue did not lie in the Southern District. (Doc. 6 and 7, and 8). Thus, both parties acknowledge the Central District as a proper forum, and because shortcomings in venue may be waived, it is a proper forum.[3]

*b. Convenience of the Parties and Witnesses*

Having an alternative proper forum, and because the parties did not waive convenience, the court must now consider the four-factor test.

The first factor of the test weighs substantially in favor of the plaintiffs, especially in light of the fact that the plaintiffs have chosen their home forum to bring the suit.[4]

The plaintiffs' position is fortified by the second factor of the test. While it is not clear that all material events occurred in the Southern District, it is clear that a substantial part of the events occurred in the Southern District. It is true that the plaintiffs do not contest the defendants' assertion

---

[3]*Moore v. Olsen*, 368 F.3d 757, 759 (7th Cir. 2004) ("Defendants are entitled to waive any shortcomings in venue . . . .")

[4] *Hyman*, 2006 WL 328260, at *2 ("A plaintiff's choice of forum is generally given substantial weight under § 1404(a), particularly when it is plaintiff's home forum") (citations omitted)

that all decisions were made in the Central District; however, the Court notes that the defendants do not contest the plaintiffs' assertion that they were notified of their suspension, served their suspension, and had all meetings regarding the underlying incidents of their suspension in the Southern District. Furthermore, decisions are transitory in nature, and, therefore, lack a firm connection to any district.[5] The second factor thereby makes the Southern District an even more appropriate forum.

The third factor, relating to the availability of evidence, weighs slightly in favor of transfer. The defendants assert, and the plaintiffs do not contest, that most of the relevant documents and witnesses are located in the Central District. Because the evidence will likely consist solely of documents and witnesses, it is probable that the convenience of the parties would be served by transfer. However, the factor indicates that the court is to consider "the *availability* of evidence in each forum" (emphasis added), not the *location* of the evidence. In this instance the availability of the evidence in each forum is nearly identical. The parties may easily ship documents to either forum, and, since the Southern District borders the Central District, most witnesses would probably not be hindered too greatly by proceeding in the Southern District.[6] Because of this, the Court is not inclined to give this factor significant weight.

_____

[5]*See Dennick v. Cent. R. Co. of N.J.*, 103 U.S. 11, 18 (1880) ("The action in the present case is in the nature of trespass to the person, always held to be transitory, and the venue immaterial."); *Ex parte AU Hotel, Ltd.*, 677 So.2d 1160, 1162 (Ala. 1996) ("A transitory action is one which could have arisen anywhere") (citations and quotations omitted);

[6]In any event, it is the burden of the moving party to show that the forum is inconvenient and the distances involved here do not produce the "clear balance of inconvenience" necessary to mandate a transfer of venue. *See Heller Fin.,* 883 F.2d at 1293; *Tsaparikos v. Ford Motor Co.*, No. 02 C 6899, 2002 WL 31844949, at *1 (N.D. Ill. Dec 18, 2002) ("[v]enue should be transferred only if there is a clear balance of inconvenience . . .") (citations omitted).

Finally, the fourth factor weighs moderately in favor of transfer. As mentioned above, the defendants' uncontested assertion that most of the documents, most of the witnesses, and the parties' counsels are located in the Central District makes it likely that the convenience of the parties and witnesses would be served by transfer. The Court acknowledges that the Central District would be more convenient; however, it would only be slightly more convenient. The distances are not so great as to overwhelm the parties or the witnesses; as such, the Court is inclined to give only moderate weight to this factor.

*c. Balancing the Four-Factor Test*

Because of the substantial weight afforded the plaintiffs choice of forum, the relatively strong connection of the material events to the Southern District, the nearly identical availability of the evidence in either district, and the only slight convenience added by transferring, the Court finds that the convenience of the parties and witnesses would be best served by proceeding in the Southern District.

*d. Interests of Justice*

In addition to the convenience of the parties and witnesses, the Court must also consider the interests of justice.  In the instant case, this branch of the § 1404 analysis has no effect because the parties have not provided or argued any factors which would have a significant effect upon the efficient administration of the court system. In the first enumerated factor, the Court must consider the parties' interests in a speedy trial. The instant case, however, is civil in nature, and there is no indication from the parties that either forum would provide a better chance of a speedy trial. Litigants utilize the courts extensively in both districts, and federal district courts in general are heavily burdened. Therefore, this factor has little effect on the analysis. Next, the Court considers

consolidation of related litigation. Because the parties did not mention any related litigation in their motions or supporting memoranda, there is no reason for the Court to consider consolidation in another forum. Thus, this factor has no effect on the analysis. Finally, this case involves personal parties, and the only connection to any non-personal entity is to the Illinois State Police and the parties' own companies. Hence, jurors are unlikely to have a financial interest in the case, and a jury in either district should be able to apply community standards without difficulty. Because of this, the final two enumerated factors have little effect on the analysis. Indeed, the Court cannot conjure any significant substantive administrative difference between the districts, and so the interests of justice analysis does not impact the transfer analysis in any way.

*e. Balancing the Transfer of Venue Factors*

Because the conveniences of the parties and witnesses are best served by remaining in the Southern District, and because the interests of justice do not warrant transfer, the Court finds that the defendants have not met their burden of showing that the Central District would be clearly more convenient. For the above reasons, the Motion to Transfer Venue is **DENIED**.

## IV.   CONCLUSION

For the forgoing reasons, the Court hereby **DENIES** defendants' Motion to Dismiss for Improper Venue (Doc. 6), and **DENIES** defendants' alternative Motion to Transfer Venue (Doc. 6).


**IT IS SO ORDERED.**

**DATED: August 4, 2006**

                                                      s/ J. Phil Gilbert
                                                    **J. PHIL GILBERT**
                                                    **DISTRICT JUDGE**

8