IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD CHAKLOS and ANDREW WIST,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil No. **06-4063-JPG** ) |
| **KATHLEEN STEVENS, et al.,** | ) ) ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is a motion to quash filed in which the Illinois State Police, a non-party, seeks an order quashing a subpoena served on it by plaintiffs. **(Doc. 24)**. Plaintiffs have filed a response at **Doc. 27.**

Plaintiffs were employed by the Illinois State Police. They are suing various individual employees of the ISP for retaliating against them for speaking out on a matter of public concern, in violation of the First Amendment. Plaintiffs worked at the Southern Illinois Forensic Science Centre. This case occurs against the backdrop of an effort by the State of Illinois to speed up testing on a backlog of DNA evidence. The state announced in early 2004 that it would commit substantial funds to the effort. The ISP announced its intention to hire an additional 15 scientists to do the labwork. The ISP also announced that it would retain a third party to train those scientists. According to plaintiffs, the ISP entered into a no-bid contract with an entity named National Forensic Science Technology Center in March, 2004, to provide the training. Plaintiffs believed that this no-bid contract was inappropriate for a number of reasons, and that the reason

1

the contract was awarded was that defendant Sheppo, in addition to being an employee of ISP, was the chairman of the board of directors of National Forensic.  Plaintiffs wrote a letter to defendant Yokley protesting the contract.  Plaintiffs allege that defendants retaliated against them for writing the letter.

The instant motion concerns a subpoena directed to the ISP which seeks documents relating to an investigation done by the Illinois Office of the Executive Inspector General, denominated OEIG Complaint No. 04-00691.  A copy of the subpoena has been filed at Doc. 25.  The subpoena was served on June 12, 2007, and directed that production occur on June 26, 2007.  ISP filed its motion on June 25, 2007.

ISP contends that information relating to an OEIG investigation is confidential and privileged under Illinois law, citing 5 ILCS 430/20-95.  Section (a) of that statute exempts documents generated by an ethics officer from the provisions of the Freedom of Information Act.  Section (d) of that statute provides that all investigatory files and reports of the OEIG are confidential and "shall not be divulged to any person or agency, except as necessary (i) to the appropriate law enforcement authority if the matter is referred pursuant to this Act, (ii) to the ultimate jurisdictional authority, (iii) to the Executive Ethics Commission; or (iv) to another Inspector General appointed pursuant to this Act."

In their response, plaintiffs explain that the OEIG investigation was initiated by complaints that they made about the retaliation against them.  Plaintiffs allege that, among other retaliatory actions, they were suspended for thirty days.  As a result of the investigation,  their suspensions were reversed.  **See, Doc. 27.**

ISP invokes only a state law privilege.  Plaintiffs question whether 5 ILCS 430/20-95

truly creates a privilege, or simply exempts the materials from FOIA requests. The court finds it unnecessary to determine that question of state law. This is a suit under *federal* law. Assuming that Illinois law creates a privilege, that state-law privilege would not apply to this case. **Fed.R.Evid. 501;** *McKevitt v. Pallasch*, **339 F.3d 530, 533 (7th Cir. 2003).**

ISP has not identified any basis for privilege other than 5 ILCS 430/20-95. It has not argued that the documents are subject to any federal common law privilege. ISP has not identified a sufficient reason to quash the subpoena.

The court notes that ISP also argues that the subpoena is overbroad because it "seeks an entire investigation file and attendant information without limitation or a connection to Chaklos and Wist and their complaints in this action." **Doc. 24, ¶10.** It is difficult to understand this point. According to plaintiffs, the subject of the OEIG investigation was the same as the subject of this lawsuit, i.e., their complaint that they were being retaliated against for writing the letter criticizing the award of the contract to National Forensic. **See, Doc. 27, p.2.**

Upon consideration and for good cause shown, Illinois State Police's Motion to Quash **(Doc. 24)** is **DENIED**. ISP shall produce the documents responsive to the subpoena on or before **July 18, 2007.**

**IT IS SO ORDERED.**

DATE: July 11, 2007.

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**